UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:                          )
                                )
    **James R. Roy** and        )        Chapter 13
                                )        Case No. 17-20454
    **Stephanie L. Roy**,       )
                                )
    Debtors.                    )

### ORDER ON STATE TAX ASSESSOR'S MOTION REGARDING THE SCOPE OF THE STAY'S TERMINATION UNDER 11 U.S.C. §§ 362(c)(3)

This matter is before the Court on the motion of the State of Maine Bureau of Revenue Services ("MRS") for a determination of the scope of the termination of the automatic stay under 11 U.S.C. §§ 362(c)(3).[1]

Less than one year after the dismissal of a prior chapter 13 case, debtors James R. Roy and Stephanie L. Roy commenced this case and scheduled MRS as a secured creditor on Schedule D with a claim in the amount of $3,184.83 and an unsecured creditor on Schedule E/F with a claim of $18,319. MRS subsequently filed a proof of claim indicating that it held a secured claim in the amount of $24,906.01. Due to the dismissal of the earlier case and the operation of § 362(c), the debtors were guaranteed the protection of the automatic stay for only 30 days from the filing date unless they obtained an extension of it. § 362(c)(3)(A). Though they sought such an extension, their motion was denied at a hearing on September 20, 2017 and the automatic stay was terminated. At that hearing, MRS orally moved for relief under § 362(j) seeking clarification of the extent of the termination of the stay - in particular, did it terminate as

---

[1] All references to specific statutory sections are to the Bankruptcy Reform Act of 1978, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23, 11 U.S.C. § 101, et seq.

to actions against estate property or was the termination limited to actions against the debtors and the debtors' property?  A briefing schedule was established and MRS was the sole party to submit a brief.

Generally, there is a split in authority regarding the effect of stay termination under § 362(c)(3)(A).  Compare Jumpp v. Chase Home Finance, LLC, 356 B.R. 789 (1st Cir. BAP 2006) with St. Anne's Credit Union v. Ackell, 490 B.R. 141 (D. Mass. 2013); In re Smith, 573 B.R. 298 (Bankr. D. Me. 2017), *appeal docketed*, No.: 17-cv-00340-JAW (D. Me. 2017);  see In re Bender, 562 B.R. 578, 579 n.1 (Bankr. E.D.N.Y. 2016) (collecting cases).   The first approach, which a majority of courts follow, concludes that the termination of the stay is limited to the debtor and the debtor's non-estate property while the latter extends the termination of the stay to the debtor and all of the debtor's property, including estate property.[2]  In this District, Judge Fagone recently addressed this specific issue and he ascribed to the second view, holding: "[w]hen the stay terminates under section 362(c)(3)(A), section 362(a) ceases to protect the repeat-filing debtor and all of that debtor's property, including property of the debtor's estate."  In re Smith, 573 B.R. at 299.

This Court finds Smith to be well-reasoned and adopts its analysis.  Therefore, it is ORDERED that MRS is no longer stayed from exercising any rights and remedies it may have against the debtors and their property, including property which is part of the bankruptcy estate.

Dated:  December 12, 2017	/s/ Peter G. Cary
Judge Peter G. Cary
United States Bankruptcy Court
for the District of Maine

---

[2]  A small number of courts disagree with both approaches.  See In re Bender, 562 B.R. at 580.